UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELLEN A. SPENCER,

    Plaintiff,

v.                                           Case No:   6:13-cv-417-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER[1]

This matter comes before the Court on Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 21).   Plaintiff brought this action for judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (Doc. 1).   The issues were fully briefed and on February 21, 2013 the Court entered its final order reversing and remanding the Commissioner's decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 17).   Judgment for Plaintiff was entered on February 24, 2014 (Doc. 18).   The Court subsequently awarded Plaintiff $3,983.10 in Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), attorneys' fees (Doc. 20).

Following the reversal of the Commissioner's decision, Plaintiff was awarded past due benefits totaling $43,412.50 (Doc. 21-2).   Her fee agreement with her lawyer, Richard A. Culbertson, provides for attorney's fees in the amount of 25% of any past due benefits awarded to Plaintiff, minus all EAJA fees (Doc. 19-1).   Plaintiff's counsel seeks

---

[1] The parties consented to trial by the United States Magistrate Judge and on May 13, 2013 the district judge entered his Order approving the consent to jurisdiction by the Magistrate Judge (Doc. 13).

$870 in fees (Doc. 21, ¶ 3).   This amount is based on $10,853.10 (twenty-five percent of the award), minus the $3,983.10 EAJA fee previously awarded, minus $6,000 to account for fees payable at the administrative level (Id.).   See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271-74 (11th Cir. 2010).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.   42 U.S.C. § 406(b)(1)(A).   In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'"   Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002).   "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."   Id. at 807.

The Commissioner does not object to the award of 406(b) fees and the Court finds the amount sought to be reasonable.   Accordingly, the motion is **GRANTED** and counsel for Plaintiff is awarded 406(b) fees **in the amount of $870.00**.   This 406(b) award is to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

**DONE** and **ORDERED** in Orlando, Florida on August 28, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 2 -