UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELLEN ANN SPENCER,

      Plaintiff,

v.                                       Case No:   6:13-cv-417-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## ORDER

Pending before the Court is Richard A. Culbertson's Supplemental Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc 23).   Upon due consideration, the motion is **GRANTED in part** and **DENIED in part**.

After a court-ordered remand in this Social Security disability case, the Commissioner of Social Security found Plaintiff Ellen Ann Spener disabled and awarded her $43,412.50 in past-due benefits (Doc. 21-2).   Based on the result, Mr. Culbertson sought and was awarded $870 in attorney's fees pursuant to 42 U.S.C. § 406(b) (Docs. 21, 22).   On April 2, 2016, the Commissioner notified Plaintiff that her past-due benefits were $56,913.90 (Doc. 23-2).   Then, on May 8, 2016, the Commissioner notified Plaintiff by letter that she is entitled to past-due benefits in the amount of $55,821.   The Commissioner explained that the previous notice showed a higher amount because it included Plaintiff's benefit for August 2015 which was not subject to attorney fee withholding (Doc. 24-1).   Twenty-five percent of the past-due benefits is $13,955.25, but the Commissioner withheld only $9,102.25 for the payment of attorney's fees (Id.).   Of

the amount withheld, $6,000 has already been paid to Plaintiff's representative for work at the administrative level (Id.).

Plaintiff's counsel, Mr. Culbertson, requests that the Court approve an award of 25% of the past-due benefits award less the $3,983.10 in attorney's fees previously awarded pursuant to the Equal Access to Justice Act, $870 in attorney's fees previously awarded and paid to him under § 406(b), and the $6,000 in fees paid at the administrative level (Doc. 23 at 2).   Mr. Culbertson's motion was filed prior to the Commissioner's May 8, 2016 letter adjusting the amount of past-due benefits.   This explains why he seeks a higher fee than the Commissioner believes is due.   The Commissioner opposes the motion on the basis that fees should be awarded based on 25 percent of the past-due benefits indicated in the Commissioner's May 8, 2016 letter.   I agree that the award should be based on the Commissioner's most recent accounting.

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client upon remand from federal court may petition the Court for a reasonable fee, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled.   42 U.S.C. § 406(b)(1)(A).   In capping the fee at 25 percent, "Congress … sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'"   Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002).   "Within the 25% boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."   Id. at 807.   In determining a reasonable fee award under § 406(b)(1)(A), the Court should first look at the parties' fee agreement.   Id. at 808.   The Court may also consider the character of the representation, the results achieved, "[i]f the attorney is responsible for delay," or "[i]f the benefits are large in comparison to the amount of time

spent on the case."   Id.

Plaintiff entered into a contingent fee agreement with Mr. Culbertson that provides for him to receive "a fee of 25 percent of the total of the past-due benefits to which the claimant is entitled" if the Court "renders a judgment reversing or remanding the administrative decision denying benefits and claimant is ultimately awarded past due benefits."   (Doc. 23-1).   The agreement also provides that any award of attorney's fees under the EAJA "that are paid by the government and retained by Richard A. Culbertson will be applied to reduce the amount of attorneys fees that would otherwise be due from claimant's past-due benefits."   (Id.).   In light of the fee agreement and the ultimate award of past due benefits, and considering § 406(b)(1) fees approved pursuant to contingent fee arrangements in other Social Security cases, see e.g., Bibber v. Comm'r of Soc. Sec., No. 6:12-cv-1337-Orl-37DAB, 2015 WL 476190, at *6 (M.D. Fla. Feb. 5, 2015) ($24,386), I find Mr. Culbertson's fee request reasonable.   See Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314, 316 (11th Cir. 2012) ("[T]he aggregate of the attorney's fees awarded under § 406(a) and § 406(b) may not exceed 25% of the claimant's past due benefits."); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1273 (11th Cir. 2010) (endorsing offset procedure as an alternative to overpaying attorney and requiring attorney to remit EAJA award to client).

Accordingly, upon due consideration, Mr. Culbertson's motion is **GRANTED in part** and **DENIED in part**.   The Court approves Section 406(b) fees in the amount of $3,102.15,[1] to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

---

[1] $55,821 * .25 - $3,983.10 - $6,000 - $870 = $3,102.15

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record