UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELLEN ANN SPENCER,

      Plaintiff,

v.                                                                    Case No: 6:13-cv-417-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## ORDER

Pending before the Court is Richard A. Culbertson's Uncontested Second Supplemental Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. §406(b) (Doc. 26).

### Background

As the Court previously observed (Doc. 27), the motion presents with an unusual history. On February 21, 2014, the Court entered an Order, reversing and remanding this cause back to Defendant the Commissioner of Social Security for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g) (Docs. 17-18). On subsequent motion, the Court granted Plaintiff's petition for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2142(d) (the "EAJA") (Doc. 23), in the amount of $3,983.10 (Doc. 20).

After the court-ordered remand, the Commissioner found Plaintiff Ellen Ann Spencer disabled and awarded her $43,412.50 in past-due benefits (Doc. 21-2). Based on the result, Plaintiff's counsel, Mr. Culbertson, sought and was awarded $870 in attorney's fees pursuant to 42 U.S.C. § 406(b) (Docs. 21, 22).

On July 15, 2015, Administrative Law Judge M. Hart issued an order approving the

fee agreement between Mr. Culbertson and Plaintiff, pursuant to 42 U.S.C. § 406(a)(2)(A) (Doc. 26-3). The amount of the fee for work done at the administrative level pursuant to 42 U.S.C. § 406(a) was $6,000.00, and this amount was paid to Mr. Culbertson in September 2015 (Doc. 26-2).

On April 2, 2016, the Commissioner notified Plaintiff that her past-due benefits were $56,913.90 (Doc. 23-2). Mr. Culbertson filed a timely Supplemental Request for Authorization to Charge a Reasonable Fee in the amount of $3,102.25, based on the new notice changing the amount of past-due benefits (Doc. 23). Then, on May 8, 2016, the Commissioner notified Plaintiff by letter that she is entitled to past-due benefits in the amount of $55,821 (Doc. 26-2). The Commissioner explained that the previous notice showed a higher amount because it included Plaintiff's benefit for August 2015, which was not subject to attorney fee withholding (Doc. 24-1). The Court accepted the updated accounting, and granted the Supplemental Request, in part, approving Section 406(b) fees in the amount of $3,102.15 (Doc. 25).[1] This did not conclude the matter.

On February 15, 2017, the Commissioner notified Mr. Culbertson that a regional administrative judge had made a unilateral determination on April 16, 2016, disapproving the fee agreement which had already been approved by Administrative Law Judge Hart on July 15, 2015 (Doc. 26-4). No reason is offered in the notification, which provides, in part: "If you are charging a fee, you need to file a fee petition within 30 days from the date of this notice." (Id.). Mr. Culbertson objects to the action of the regional administrative judge disapproving his previously approved fee agreement, but files the instant motion as "he is still required to file a Second Supplemental Request for Authorization to Charge a

---

[1] The amount was calculated as follows: twenty-five percent of the past-due benefits is $13,955.25; minus the EAJA fee of $3,983.10, minus the 406(a) award of $6,000, minus the prior 406(b) award of $870 = $3,102.15.

Reasonable Fee unless this Court issues an Order determining the Commissioner did not have the authority to "unauthorize" the administrative fee." (Doc. 26 at 6).

Faced with this unusual set of circumstances, the Court directed the Commissioner to file a response to the motion, addressing "the relevant history of this proceeding, the extent of the Court's authority to remedy the situation, and the appropriate remedy" (Doc. 27). The Commissioner filed her response (Doc. 28) and a supporting declaration (Doc. 29). Although Mr. Culbertson's motion purports to be "uncontested," the Commissioner now takes the position that the Court is without authority to grant him the relief he is seeking and argues that the motion must be denied as premature or duplicative (Doc. 28).

Due to the Commissioner's apparent change of heart, the Court gave Mr. Culbertson leave to file a reply (Doc. 30). He has now done so (Doc. 31), and his motion is ripe for resolution.[2]

## Discussion

*Standards of Law*

There are three statutory provisions under which attorneys representing claimants in Social Security disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under §406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at

---

[2] In his reply, Mr. Culbertson asks for oral argument. That request is **DENIED** because the Court is not persuaded that it is necessary to the resolution of the issues presented.

twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the EAJA. Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that the Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

In Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970), the Fifth Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." See Carbonell v. Comm'r of Soc. Sec., No. 6:11-CV-400-ORL-22; 2015 WL 631375 (M.D. Fla. Feb. 13, 2015) ("No matter what statute or combination of statutes an attorney uses to obtain fees after a successful Social Security appeal, binding Eleventh Circuit precedent caps the aggregate amount of attorney's fees at 25 percent of the past-due benefits awarded to claimant.").

*Analysis*

Mr. Culbertson has taken several positions in his papers. In the motion, he is requesting authorization to charge his client $5,999.90 – calculated as follows: $9,972.15 (25% of the past-due benefits, $13,955.25, minus the EAJA fees awarded, $3,983.10 (Doc. 20), equals $9,972.15), reduced by $3,972.25, to account for the fees which have already been authorized by this Court ($870.00 in Doc. 22 and $3,102.25 in Doc. 25). Although this would result in a fee which equals the 25% cap, Mr. Culbertson states that he "intends to file a request for authorization to charge a reasonable fee for work done at the administrative level, but any such request will not be filed and ruled on until after the time limit to file this Second Supplemental Request." (Doc. 26, ¶12). As an award of $5,999.90, added to the fees already awarded, equals 25% of the past-due benefits, any additional fee awarded under 406(a) would violate the 25% cap.

It appears that Mr. Culbertson is also seeking review of the action of the Commissioner with respect to the §406(a) fee. He objects to the "unilateral" decision of the Commissioner invalidating the prior §406(a) award and asserts that "his Constitutional right to due process has been violated, but he is still required to file a Second Supplemental Request for Authorization to Charge a Reasonable Fee *unless this Court issues an Order determining the Commissioner did not have the authority to "unauthorize" the administrative fee."* (Doc. 26 at 6, emphasis added). In his reply brief, Mr. Culbertson appears to clarify that the relief he seeks now is for the Court to grant his motion "for work done before this Court in the amount of $5,999.60 pursuant to 42 U.S.C. § 406(b)(1)(a) sentence one," which he argues will "moot" all of the other issues.[3]

---

[3] Although it is not clear, it appears that what Mr. Culbertson has in mind is for the Court to award the additional fees under §406(b) and then he will "repay" the §406(a) fee. See Doc. 31 at 3 ("Where is the duplication if Petitioner repays the $6,000.00 administrative fee and this Court authorizes payment of a

For her part, the Commissioner objects to any of the requested relief. She contends that the Court has no authority to determine whether § 406(a) fees were properly approved or paid. She also argues that the Court does not have jurisdiction to award Mr. Culbertson an additional $6,000 in § 406(b) fees as the request is either duplicative (as Mr. Culbertson has been overpaid $6,000 and the total amount of fees requested and/or paid equals the maximum allowable 25% of the Plaintiff's past due benefits) or premature (as the funds have not been returned, they are not available to be claimed through a § 406(b) petition). The Commissioner asks the Court "to direct Mr. Culbertson to file a fee petition with the agency by a date certain to gain proper authorization for attorney fees at the administrative level under 406(a) or return the unauthorized money to the agency by that date." (Doc. 28 at 4). Such an order would allow consideration of a supplemental petition for § 406(b) fees, "if Mr. Culbertson complies with the order, provides proof that he has returned the money to the agency, and represents to the Court that he will not file a 406(a) fee petition." (Id., at 4-5). If Mr. Culbertson does not comply with such an order, the Commissioner argues, the agency could then follow its procedure for recovering an excess representative fee payment.

The Court's prior awards of § 406(b) fees were based on a set of facts that have since changed. Although both sides ask the Court to take affirmative action to respond to these changed circumstances that have occurred at the administrative level, the Court finds it is not authorized (or inclined) to grant any relief on the record as it now stands.

Although Mr. Culbertson seems to be seeking an order "determining the Commissioner did not have the authority to "unauthorize" the administrative fee" (Doc. 26

---

$5,999.60 fee for work done before the Court?").

at 6), the Social Security Act limits judicial review of the Commissioner's decisions to "any final decision ... made after a hearing." 42 U.S.C. § 405(g). <u>See</u> <u>also</u> 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). It is plain from the Commissioner's response that the matter has not been finally adjudicated before the agency. As such, there is no showing that this Court has jurisdiction to entertain this challenge at this point in time.

Mr. Culbertson's sole response to this jurisdictional defect is the unhelpful assertion that: "Of course this Court has jurisdiction over this case. Of course this Court could determine that the Commissioner must comply with the due process clause of the United States Constitution." (Doc. 31 at 3). This contention, which is unsupported by citation to any authority, is too simplistic. Even if the dispute was over a final determination and ripe for resolution, there is no showing that the issue is properly joined by the complaint in this closed case.

As noted above, § 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. Whether the Commissioner lawfully unauthorized the previously authorized § 406(a) fee should first be litigated to exhaustion administratively. In the meantime, it is not the Court's role to usurp the Commissioner's authority to award § 406(a) fees and moot the administrative issues by awarding the § 406(a) fee under § 406(b). Mr. Culbertson's request to do just that is denied.

It is equally inappropriate for the Court to order Mr. Culbertson to file a new § 406(a) petition by a date certain, or, alternatively, require him to return the $6,000. Despite the Commissioner's apparent (and unprecedented) willingness to cede her

exclusive authority for setting of a deadline for an administrative action or to enforce the Agency's non-final administrative orders, the Commissioner has not pointed to any statute or case law establishing a basis for such interference with agency affairs. Put simply, it is not the task of the Court to oversee the § 406(a) process.

As the record stands, Mr. Culbertson has received a full 25% of the past due benefits as a fee. As such, any action by the Court to award more violates the 25% cap. To the extent the § 406(a) award is presently under challenge from the agency, that challenge is not properly before the Court. For these reasons, the motion is **DENIED**.[4]

**DONE** and **ORDERED** in Orlando, Florida on March 27, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[4] Nothing in this Order shall prevent Mr. Culbertson from pursuing and exhausting his administrative remedies and, if appropriate, seeking review of the final determination in a new federal court action.